| STATE OF LOUISIANA | * | NO. 2025-K-0129 |
|---|---|---|
| VERSUS | * | |
| | | COURT OF APPEAL |
| DERRICK COLLINS | * | FOURTH CIRCUIT |
| | * | STATE OF LOUISIANA |

* * * * * * *

ON SUPERVISORY WRIT FROM THE
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 560-338, "DIVISION G"
Judge Nandi Campbell
* * * * * *
**Judge Karen K. Herman**
* * * * * *

(Court composed of Judge Karen K. Herman, Judge Nakisha Ervin-Knott, Judge Monique G. Morial)

Jason R. Williams
DISTRICT ATTORNEY
Parish of Orleans
Brad Scott
CHIEF OF APPEALS
Parish of Orleans
Zachary M. Phillips
ASSISTANT DISTRICT ATTORNEY
Parish of Orleans
619 S. White St.
New Orleans, LA 70119

     COUNSEL FOR RELATOR, THE STATE OF LOUISIANA

Madeline McKay Jennings
ORLEANS PUBLIC DEFENDERS
2601 Tulane Ave., Ste. 700
New Orleans, LA 70119

     COUNSEL FOR RESPONDENT, DERRICK COLLINS

**WRIT GRANTED; FEBRUARY 12, 2025 RULING REVERSED;
FEBRUARY 7, 2025 RULING REINSTATED; STAY DENIED**

**FEBRUARY 27, 2025**

Relator, the State of Louisiana ("the State"), seeks expedited review of the trial court's February 12, 2025 amended ruling, which qualified Ray Olszewski ("Mr. Olszewski") as an expert in the field of child forensic interviewing best practices, adolescent development, and suggestibility. For the following reasons, we grant the writ application, reverse the trial court's amended ruling, and reinstate the trial court's original February 7, 2025 ruling. We also deny the State's request for a stay of the trial court proceedings.

**FACTUAL AND PROCECDURAL HISTORY**

A.K., a juvenile male, was allegedly sexually assaulted by his mother's ex-boyfriend, Defendant, Derrick Collins ("Defendant"). At the time of the incident, A.K. was 12 years old; Defendant was 51 years old.

On December 15, 2023, the State filed an indictment charging Defendant with first degree rape and indecent behavior with a juvenile under the age of seventeen, violations of La. R.S. 14:42 and 14:81, respectively. Defendant appeared for arraignment on December 21, 2023 and entered pleas of not guilty.

On November 8, 2024, Defendant filed a notice of expert witness, advising that he intends to offer Mr. Olszewski as an expert witness. In the notice,

1

Defendant indicated that Mr. Olszewski will provide testimony regarding child forensic interviewing best practices, adolescent development, and suggestibility in children. Attached to the notice was the curriculum vitae ("CV") of Mr. Olszewski. Defendant later supplemented his notice to include Mr. Olszewski's written report.

On January 31, 2025, the State filed an opposition to the notice of expert witness, requesting that the testimony be excluded in part, or in the alternative that the trial court set a *Daubert* hearing.[1]

On February 6, 2025, the trial court held a *Daubert* hearing, wherein Mr. Olszewski testified. The trial court took the matter under advisement and on February 7, 2025, issued a ruling, finding that Mr. Olszewski was "qualified as an expert in the field of child forensic interviewing."

On February 12, 2025, the trial court issued an amended ruling[2] and qualified Mr. Olszewski as an "expert in the field of child forensic interviewing best practices, adolescent development, and suggestibility."[3]

The State thereafter filed a writ application with this Court seeking expedited consideration and a stay of the trial court proceedings.

**LAW AND DISCUSSION**

An appellate court reviews a trial court's ruling on the qualifications of an expert witness under an abuse of discretion standard. *See State v. Farrier*, 2014-

---

[1] *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).

[2] The record indicates that subsequent to the February 7, 2025 ruling, the parties had "different views on what the ruling means" and sought clarification from the trial court.

[3] We note that rather than limiting the scope of permissible expert testimony as ordinarily done in a *Daubert* hearing, the trial court only ruled on the fields of study to which Mr. Olszewski could testify.

0623, p. 7 (La. App. 4 Cir. 3/25/15), 162 So.3d 1233, 1240; *State v. Golden*, 2011-0735, p. 12 (La. App. 4 Cir. 5/23/12), 95 So.3d 522, 530.

The State argues that the trial court erred in amending its ruling to qualify Mr. Olszewski as an expert in the fields of child forensic interviewing best practices, adolescent development, and suggestibility. The State asks this Court to reinstate the trial court's original ruling issued February 7, 2025, which qualified Mr. Olszewski as an expert only in the field of child forensic interviewing.

The record reflects that Mr. Olszewski never held himself out as an expert in "best practices, adolescent development, or suggestibility." Pursuant to his CV and his trial testimony, Mr. Olszewski's area of expertise is child forensic interviewing. Accordingly, Mr. Olszewski should only have been qualified as an expert in the field of child forensic interviewing.[4] As such, we find that the trial court abused its discretion in qualifying Mr. Olszewski as an expert in the fields of child forensic interviewing best practices, adolescent development, and suggestibility.

For the foregoing reasons, we grant the writ application, reverse the trial court's amended ruling, and reinstate the original ruling, wherein the trial court qualified Mr. Olszewski in the field of child forensic interviewing. Additionally, we deny the State's request for a stay of the trial court proceedings.

**WRIT GRANTED; FEBRUARY 12, 2025 RULING REVERSED;
FEBRUARY 7, 2025 RULING REINSTATED; STAY DENIED**

---

[4] Such a ruling would not prohibit Mr. Olszewski from potentially testifying regarding best practices and protocols within his field of child forensic interviewing.